IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20472
Conference Calendar
_____


DONALD FRENCH,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1173
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Donald French (Texas prisoner #720074) filed in the district
court a "motion to vacate illegal sentence," challenging his
state court conviction for burglary.  He also filed as an
attachment to his motion to proceed in forma pauperis (IFP) a 42
U.S.C. § 1983 complaint wherein he averred that he received
inadequate medical care and that he was wrongly accused and
convicted of a disciplinary case for refusal to work.  The
district court correctly treated the former claims as arising

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under 28 U.S.C. § 2254 and the latter claims as arising under 42 U.S.C. § 1983.  See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

French now seeks a COA to appeal the dismissal of his 28 U.S.C. § 2254 claims and the dismissal of his 42 U.S.C. § 1983 complaint.  Although French requires a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 petition, he does not require a COA to appeal the dismissal of the 42 U.S.C. § 1983 claims.  See 28 U.S.C. § 2253(c)(2).

The district court, noting that French had filed a prior 28 U.S.C. § 2254 petition and that the petition had been dismissed as time-barred and that this court denied French a COA, denied the instant 28 U.S.C. § 2254 petition as moot.  To the extent that French was attempting to file a successive habeas petition, the district court found that the petition was subject to dismissal for French's failure to obtain authorization from this court for filing a successive habeas petition.

French makes no argument that the district court erred in dismissing his 28 U.S.C. § 2254 petition as moot, and the argument is therefore waived.  Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned).  Nor does he address the district court's finding that, to the extent that he was seeking to file a successive habeas petition, the petition was subject to dismissal for failure to obtain this court's permission.  Thus, the issue is

waived.  See id.  Because French has failed to show that reasonable jurists would find debatable the district court's procedural ruling, COA is DENIED.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 584 (2000).

With regard to French's 42 U.S.C. § 1983 complaint, the district court, noting that French had been previously sanctioned $100 for filing frivolous civil rights complaints and that he was barred from filing further civil rights complaints unless he first obtained judicial permission or paid the filing fee, dismissed the complaint without prejudice under 28 U.S.C. § 1915(g) because French had failed to show that he was under imminent danger of serious physical injury or that he had paid the sanction.

French does not address the district court's findings with regard to his 42 U.S.C. § 1983 complaint.  Thus, the issue is waived.  Yohey, 985 F.2d at 223-24.  Because French has failed to address the proper issue for appeal, his appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint is DISMISSED as FRIVOLOUS.  See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the dismissal of French's appeal as frivolous in French v. Johnson, No. 97-10668 (5th Cir. Dec. 9, 1997).  Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  French therefore has two "strikes" under 28 U.S.C. § 1915(g).  We caution French that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility

unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

French was previously warned that the filing of any additional frivolous appeals would invite the imposition of sanctions. See French v. Johnson, No. 97-10668 (5th Cir. Dec. 9, 1997). He is therefore sanctioned $100 for failing to comply with this court's prior warning. French is also barred from filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without advance written permission of a judge of the forum court. French is cautioned that any attempt to file frivolous pleadings in the future will result in further sanctions. French's request to proceed IFP on appeal is DENIED.

> DENY COA; DENY IFP; DISMISS AS FRIVOLOUS; STRIKE WARNING
> ISSUED; SANCTION IMPOSED; BAR TO FILINGS RAISED.